## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ANGELA M. KIESELAT, on behalf of herself and all others similarly situated,

Plaintiff(s),

-against-

ACCURATE COLLECTION SERVICES, and JOHN DOES 1-25,

Defendant(s).

Civil Case Number: _____

## CIVIL ACTION

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANGELA M. KIESELAT, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, ACCURATE COLLECTION SERVICES, ("ACS"),  JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of Morris County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      ACS maintains a location at 17 Prospect Street, Morristown, New Jersey 07960.

8.      Upon information and belief, ACS uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      ACS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from ACS concerning a debt owed to Chilton Medical Center, which contained the statement, "If, for any reason, you dispute this debt or any portion thereof, you may notify us of the same in writing within thirty (30) days from receipt of this notice."

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice.  (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.  Whether the Defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq.*

b.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    Sometime between November 2, 2015 and November 8, 2015, Plaintiff allegedly incurred a financial obligation to Chilton Medical Center ("CHILTON").

16.    The CHILTON obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    The CHILTON obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.    CHILTON is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.    On or before May 4, 2016, CHILTON referred the CHILTON obligation to ACS for the purpose of collections.

20.    At the time CHILTON referred the CHILTON obligation to ACS, the obligation was past due.

21.    At the time CHILTON referred the CHILTON obligation to ACS, the obligation was in default.

22.    ACS caused to be delivered to Plaintiff a letter dated May 4, 2016, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A.**

23.    The May 4, 2016 letter was sent to Plaintiff in connection with the collection of the CHILTON obligation.

24.    The May 4, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25.    Upon receipt, Plaintiff read the May 4, 2016 letter.

26.    The May 4, 2016 letter provided at Toll Free telephone number of 866-468-3371.

27.    The May 4, 2016 letter stated in part: "We ask that upon receipt of this correspondence you contact this office to satisfy this account."

28.    The May 4, 2016 letter provides the following information regarding the Amount Due claimed due on the CHILTON obligation:

Amount Due:  $3,468.96

29.    The May 4, 2016 letter also stated in part that:

> Accurate Collection Services will assume that this debt is valid unless you dispute the validity of this debt, or any portion of the debt, with us within thirty (30) days from receipt of this notice.  If, for any reason, you dispute this debt or any portion thereof, you _may_ notify us of the same in writing within thirty (30) days from receipt of this notice.  We will then obtain verification of _your obligation_ or, if the debt is founded upon a judgment, a copy of the judgment, and we will mail you a copy of such verification or judgment. [emphasis added].

30.    On June 6, 2016, Plaintiff through her undersigned attorney disputed the alleged debt in writing to ACS.  A copy of said dispute is annexed hereto as **Exhibit B**.

31.    On June 27, 2016, ACS sent verification of the alleged debt to the undersigned attorney.  A copy of said verification is annexed hereto as **Exhibit C**.

32.    The June 7, 2016, verification from ACS stated, "Amount due: $914.96".

33.    The amount of the alleged debt in the June 7, 2016 letter was $2,554.00 less than the "Amount Due" as stated in the May 4, 2016 letter.

34.    Section 1692g(a)(3),(4)of the FDCPA requires the debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.
>
> (4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

35.    ACS knew or should have known that its actions violated the FDCPA.

36.    ACS could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

37.    It is ACS' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

(b)     Failing to provide the consumer with a proper notice pursuant to 156 U.S.C. §1692g(a)(3),(4); and

(c)     Making a false representation of the amount of the debt.

38.     On information and belief, ACS sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

39.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

40.     Collection letters and/or notices, such as those sent by ACS, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

41.     The May 4, 2016 letter fails to properly inform the least sophisticated consumer that effectively dispute the alleged debt, such dispute _must_ be in writing.

42.     The May 4, 2016, incorrectly informs the least sophisticated consumer that she if disputes the alleged debt, she _may_ notify ACS in writing.

43.     The least sophisticated consumer upon reading the May 4, 2016 would be confused as to what she must do to effectively dispute the alleged debt.

44.     The least sophisticated consumer upon reading the May 4, 2016 would be lead to believe that if she disputed the alleged debt or any portion of it, she may notify ACS is writing or she may choose any method on disputing the alleged debt, such as calling the toll free number provided in the letter.

45.     The May 4, 2016 letter fails to inform Plaintiff that pursuant to 15 U.S.C. §1692g(a)(4), a dispute must be _in writing_ in order to obtain verification of the debt.

46.     A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

47.     ACS violated 15 U.S.C. §1692g(a)(3),(4) by failing to inform Plaintiff that in order to effectively dispute the alleged debt and obtain verification she _must_ make such dispute in writing.

48.     ACS violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiff into believing that _may_ dispute the alleged debt in writing, when in fact any such dispute _must_ in order to effectively invoke the protections provided by the FDCPA.

49.     The May 4, 2016 letter is misleading because it can be read to have two or more meaning, which one or more such readings is inaccurate.

50.     The May 4, 2016 letter and be read to mean that the least sophisticated consumer _may_ dispute the alleged debt in writing but is not required to do so.

51.     The May 4, 2016 letter and be read to mean that the least sophisticated consumer may choose between writing to dispute the alleged debt or any other such method, such as calling the toll free number or personally appearing at the office of ACS.

52.     ACS violated 15 U.S.C. §1692e(2)(A) by falsely stating the amount of the alleged debt in the May 4, 2016 letter.

53.     The May 4, 2016 letter alleged the "Amount Due: $3,468.96" when in fact amount due was only $914.96, as verified by ACS in the June 27, 2016 letter.

54.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

55.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

56.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

57.    Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

58.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

59.    Plaintiff has suffered damages and other harm as a direct result of ACS' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: February 25, 2017

*s/ Joseph K. Jones*

Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*

Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 25, 2017

*/s/ Joseph K. Jones*

Joseph K. Jones, Esq.

# Exhibit

# A

17 Prospect St
Morristown NJ 07960-6862

RETURN SERVICE REQUESTED

Accurate Collection Services
17 Prospect Street
Morristown, NJ 07960
973-630-3050
Toll Free: 866-468-3371



May 4, 2016

Accurate Collection Services
17 Prospect St
Morristown NJ 07960-6862

Angela M Kieselat

Account # ████0360
Amount:  $3,468.96

---

***Please detach and return upper portion with your payment***

Creditor: Chilton Medical Center - 97 West Parkway Pompton Plains, NJ 07444
   Services Date(s):      November 2, 2015 - November 8, 2015
   Account #:       ████0360
   Amount Due:   $3,468.96

Dear Angela M Kieselat:

   Please be advised the above account has been placed with Accurate Collection Services for collection.

   We are advised by Chilton Medical Center that  $3,468.96 is due and owing for the service dates referenced above.

   Accurate Collection Services will assume that this debt is valid unless you dispute the validity of this debt, or any portion of the debt, with us within thirty (30) days from your receipt of this notice.  If, for any reason, you dispute this debt or any portion thereof, you may notify us of same in writing within thirty (30) days from receipt of this notice.  We will then obtain verification of your obligation or, if the debt is founded upon a judgment, a copy of the judgment, and we will mail you a copy of such verification or judgment.

   If you provide a written request within thirty (30) days of receiving this notice, we will provide the name and address of the original creditor involved with this claim, if different from the creditor named above.

   We ask that upon receipt of this correspondence you contact this office to satisfy this account.

   To pay by phone, please contact a collection representative at the phone number listed above, or you may submit payment directly to this office.

   Sincerely,

   Accurate Collection Services

All returned checks are subject to a minimum charge of $17.00.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED IS USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

Accurate Collection Services ◆ 17 Prospect Street, Morristown, NJ 07960-6862 ◆ 973-630-3050 ◆ 866-468-3371

# Exhibit

# B

*New York*
555 Fifth Ave., Ste. 1700
New York, NY 10017
p. (646) 459-7971
f. (646) 459-7973



Joseph K. Jones, Esq.[††]
Benjamin J. Wolf, Esq.[††]
Anand A. Kapasi, Esq.[†]

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019

[††]Admitted NY, NJ, CT
[†]Admitted NY, NJ

www.legaljones.com

Reply to:  New York

June 6, 2016

**Via Facsimile (973) 718-4385 and First Class Mail**
Accurate Collection Services
17 Prospect Street
Morristown, NJ 07960

Re:    Angela Kieselat
Creditor:  Chilton Medical Center - 97 W Parkway Pompton Plains, NJ
Account No.: ███████0360

To Whom It May Concern:

This firm has been retained to represent the interest of Angela Kieselat, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Ms. Kieselat.  Furthermore, Ms. Kieselat hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact her on her mobile telephone, whether by calling, texting or emailing or to any facsimile device.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our New York office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Accurate Collection Services, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

Very truly yours,
Jones, Wolf & Kapasi, LLC

*/s/ Joseph K. Jones*
Joseph K. Jones
Attorney at Law

JKJ: dp
cc:   Angela Kieselat

# Exhibit

# C



Accurate Collection Services

June 27, 2016

JOSEPH K. JONES, ESQ.
ATTORNEY AT LAW
375 PASSAIC AVE  STE 100
FAIRFIELD, NJ 07004

RE: Chilton Medical Center
    Account #: ████████0360
    Your Client: Angela Kieselat
    DOS: November 2, 2015 - November 8, 2015
    Amount due: $914.96

Dear Joseph K Jones, Esq.,

    In response to your letter received on June 8, 2016 Accurate Collection Services represents, Chilton Medical Center, for claims your client is indebted in the aforementioned amount.

Enclosed please find verification of the debt pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.1692 (g); copy of Itemized Bill and Explanation of Benefits from United Health Care.

Please be advised your client's Insurance Company processed this claim on 12/3/2015. Should you disagree with their decision please contact them directly. Please see description as follows:

| Total Claim | $101,405.68 |
| Insurance Payment (-) | $4,193.04 |
| Insurance discount (-) | $97,212.64 |
| Amount towards co-pay | $0.00 |
| Amount towards deductible | $0.00 |
| Amount towards co-insurance | $914.96 |
| Patient payment amount | $0.00 |
| Total Member's Responsibility | $914.96 |

Should you have any additional questions for us or if you would like to arrange a payment plan do not hesitate to call us at (866)468.3371.

Sincerely,

Kevin Howard
Collection Manager

All returned checks are subject to a minimum charge of $17.00
THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED IS USED FOR
THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

17 Prospect Street, Morristown, NJ 07960 Phone (866)468-3371 Fax (973)718-9385